FILED
SEP - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Janet Carter, AKA Janet Mitchell )
324 S. Taylor Street )
Ashland, Virginia  23005 )
Work  202-720-4555 )
Cell    240-462-7049 )
    (Plaintiff) )
)
              v. )  Case: 1:07-cv-01588
) Assigned To : Urbina, Ricardo M.
Michael Johanns ) Assign. Date : 9/6/2007
Secretary, U.S. Department of Agriculture ) Description: Employ. Discrim.
Suite 200-A )
1400 Independence Ave. SW )
Washington D.C.  20250 )
    (Defendant) )
)

JURY ACTION

# COMPLAINT

1. Janet Carter, previously known as Janet Mitchell, the plaintiff, is and has been at all times relative to this complaint, an employee of the U.S. Department of Agriculture, Departmental Administration, Office of Procurement and Property Management (OPPM) located in Washington D.C., 300 7th Street SW, Zip code 20024.

2. Michael Johanns is the Secretary of U.S. Department of Agriculture (USDA), located in Suite 200-A, 1400 Independence Avenue SW, Washington D.C., 20250.

3. Other Employees of the U.S. Department of Agriculture involved in the actions giving rise to this complaint are John Surina, former Deputy Assistant Secretary for Administration, Michael Harrison, former Assistant Secretary for Administration, W. Russ Ashworth, former Director of OPPM; Glenn Haggstrom, former Deputy Director, OPPM; Priscilla Carey, former Director of the Office of Operations; Christopher Gomez, former Deputy Director, Office of Operations,

Nathaniel Deutsch, former Chief, Human Resource Servicing Division; and Nathanial Floyd, classifier in the Human Resource Servicing Division. All of these organizations are part of Departmental Administration, USDA.

Claim 1

4. Ms. Cater, an African American, as the chief of the Resource Division for OPPM and several other Departmental Administration Offices, observed a pattern of management processing personnel actions to the benefit of Caucasian employees. But not to the benefit of African American employee.

5. OPPM has 10 divisions.

6. At all times relevant to this complaint, 9 of the Division Directors were GS 15 level.

7. Ms. Carter, who was the Chief of the 10th Division, was a GS 14.

8. The 9 GS 15 division chiefs were all Caucasian.

9. Several of the Division chiefs were appointed to their GS 15 positions by bending the personnel rules and regulations.

10. Morris Tate is a Caucasion.

11. Mr. Tate performed the same services that Ms. Cater performed for the part of Departmental Administration the Ms. Carter did not service.

12. Mr. Tate is a GS 15.

13. Ms. Carter requested a review in the summer of 2004 of her position by the Human Resource Servicing Division. When the review was conducted, Nate Floyd, determined that the position should classify at the GS 15 level.

14. Priscilla Carey, Nathaniel Deutsch, W. Russ Ashworth and Glenn Haggstrom acted in November and December 2004 in concert to change the recommended classification to GS 14.

15. These actions to keep Ms. Carter's position at the current level have not been repeated for Caucasian employees whose positions are recommended for upgrade.

16. When Sharon Holcombe, a GS 14 at the time, requested a position review and was classified as a GS 15, w. Russ Ashworth allowed the classification and promotion to proceed.

17. Ms. Holcombe is Caucasian.

18. Verma Hilson, an African American employee under Ms. Carter's supervision requested a review of her GS 13 position.

19. The classifier reviewed the position and found it to be a GS 14.

20. OPPM has refused to implement the audit or promote Ms. Hilson.

21. Ms. Carter avers that her treatment in the failure to classify her as a GS 15 and promote her to that level is discriminatory on the basis of race, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

Claim 2

22  Paragraphs 11 through 14 above are incorporated as if stated herein.

23  Mr. Tate is a male.

24  Ms. Carter is a female.

25  Ms. Carter avers that her treatment in the failure to classify her as a GS 15 and promote her to that grade is based on considerations of her sex, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

Claim 3

26. Paragraphs 13 and 14 above are incorporated herein.

27. Ms. Carter signed a letter with other employees in the 1997 timeframe that was sent to the Secretary of Agriculture complaining about perceived racial discrimination by Priscilla Carey.

28. Ms. Carter was moved from Ms. Carey's supervision immediately thereafter.

29. Ms. Carter avers that the actions by Ms. Carey to influence the outcome of her audit we based on reprisal for her earlier allegations of discrimination in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

Claim 4

30. Through a series of actions dealing with the budget function and the Budget Officer position in Departmental Administration, USDA, Ms. Carter has been denied equal consideration for developmental assignments and promotion.

31. The Departmental Budget Officer, Al Darke, Retired at the end of December, 2004.

32. Ms. Carter had worked closely with Mr. Darke on Budget issues during his tenure as Budget Officer.

33. When the position became vacant in January 2005, Lauren Godby was detailed into the position for 120 days with a temporary promotion to GS 15.

34. Lauren Godby is Caucasian..

35. Ms. Godby had worked on fiscal matters, including the Foundation Financial Information System (FFIS), but not budget matters.

36. Ms. Carter was more qualified to be detailed into the vacant budget officer position than Ms. Godby.

37. Ms. Carter requested, but was not given the opportunity to act on detail in the budget officer position.

38. The Budget Officer position was advertised at the end of March, 2005. Ms. Carter applied for the position.

39. Ms. Carter was found qualified for the position and referred for selection.

40. Ms. Carter was not selected for the position, and USDA assigned the duties of the position unofficially to Lauren Godby and Theresa McGuire, both Caucasians.

41. The unofficial assignment of these duties deprived Ms. Carter of the opportunity to gain experience and exposure at the Department level in USDA, while providing it to her Caucasian peers and closest competitors.

42. Ms. Carter avers that the failure to detail her to the budget officer position, failure to assign her the duties of the budget officer while the position was vacant, and the failure to select her for the vacancy in the summer of 2005 are part of the discriminatory pattern and practice of USDA against her on the basis of race, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

Claim 5

43  Paragraphs 30 through 41 are incorporated herein.

44  Ms. Cater contacted an EEO counselor of USDA in the fall of 2004, and filed an administrative EEO complaint concerning claims 1 and 2 on February 16, 2005.

45  Ms. Godby has not filed a recent EEO complaint against Departmental Administration, USDA.

46  Ms. Maguire has not filed a recent EEO complaint against Departmental Administration, USDA.

47  Ms. Carter avers that the failure to detail her to the budget officer position, failure to assign her the duties of the budget officer while the position was vacant, and the failure to select her for the vacancy in the summer of 2005 are part of the discriminatory pattern and practice of USDA against her on the basis of reprisal for her EEO Complaint activity, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

Jurisdiction

48  Ms. Carter filed an EEO Complaint on February 16, 2005, with USDA based on race, sex and reprisal over the actions by management to affect the outcome of her audit and the failure to classify her position at the GS 15 level, claims 1, 2 and 3 above.

49  The EEO complaint was accepted, numbered CRSD200500119, and investigated by USDA.

50 Ms. Carter Requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC).

51 The Administrative Judge, in Hearing case number 100-2006-00202X, issued a determination that the complaint should be dismissed without a hearing.

52 USDA issued a final order dismissing the complaint November 21, 2006.

53 Ms. Carter timely appealed the dismissal to the Office of Federal Operations, EEOC.

54 The EEOC, in appeal number 0120071273, affirmed the dismissal in a decision issued May 31, 2007 and received by Ms. Carter through her administrative representative on June 6, 2007.

55 The EEOC decision provided Ms. Carter the right to file a Civil Action within 90 days of receipt of the decision from EEOC.

56 Ms. Carter filed an EEO Complaint with USDA on August 5, 2005, based on race and reprisal over the failure to detail her into the budget officer position, assign her the budget officer duties, or select her for the Budget Officer vacancy, claims 3 and 4 above.

57 The EEO complaint was accepted, numbered CRSD200500528, and investigated by USDA.

58 Ms. Carter Requested a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC).

59 The Administrative Judge, in Hearing Case number 570-2006-00288X, issued a March 5, 2007, determination that the complaint should be dismissed without a hearing.

60 Ms. Carter appealed the recommended dismissal to the Office of Federal Operations, EEOC.

61  The EEOC in appeal decision number 0120072406 affirmed the dismissal in a decision issued July 16, 2007 and received by Ms. Carter through her administrative representative on July 18, 2007.

62  The EEOC decision provided Ms. Carter the right to file a civil Action within 90 days of receipt of the decision from EEOC.

Relief

63  Ms. Carter requests that she be classified as a GS 15 retroactive to November 2004, the date of the classifier's determination, with full backpay and benefits.

64  In addition, Ms. Carter requests a detail to a Departmental Level GS 15 for 120 days.

65  Ms. Carter also requests reasonable attorney fees for her costs in the administrative processing of her EEO complaints.

66  Ms. Carter requests such other equitable relief as the court will provide.

67  Ms. Carter requests a Jury Trial

I declare under penalty of perjury that the forgoing is true and correct. Executed on September 4, 2007.

Respectfully submitted

_____          _____9\4\07_____
Janet Carter, Plaintiff                  Date
324 S. Taylor Street
Ashland, Virginia 23005
Work  202-720-4555
Cell    240-462-7049

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Janet Carter AKA Janet Mitchell
324 South Taylor Street
Ashland, VA 23005

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

(202) 720-4555 - W

## DEFENDANTS

Michael Johanns
Secretary, U.S. Department of Agriculture
1400 Independence Avenue, Suite 200-A
Washington, DC 20250

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01588
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/6/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ☞ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 2000 e ETSEQ. Race, Sex and Reprisal Discrimination in Employment.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 20,000    Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 9/6/07    SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.