IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET CARTER,<br>    AKA JANET MITCHELL<br><br>    Plaintiff,<br><br>v.<br><br><br>CHUCK CONNER, Acting Secretary<br>United States Department of Agriculture[1]<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07- 1588 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant Chuck Conner, in his official capacity as Acting Secretary of the United States Department of Agriculture (USDA), by and through undersigned counsel, answers Plaintiff's Complaint as follows.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Some or all of the allegations in the Complaint are untimely and are barred by the statute of limitations.

---

[1] Michael Johanns resigned as Secretary of the U.S. Department of Agriculture in September 2007. Chuck Conner, the acting USDA Secretary is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

**Third Affirmative Defense**

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted. Defendant denies that it discriminated against Plaintiff based on race, gender, reprisal or any other impermissible basis.

**Specific Responses**

Defendant answers the specific numbered paragraphs of the Complaint as follows.

1.  Defendant admits the allegations contained in paragraph 1.

2.  Defendant denies the allegations contained in paragraph 2. Michael Johanns resigned as Secretary of the U.S. Department of Agriculture in September 2007. Chuck Conner is currently serving as Acting Secretary.

3.  Defendant denies that John Surina, Michael Harrison, Priscilla Carey, Christopher Gomez or Nathaniel Deutsch are current employees of the U.S. Department of Agriculture. Defendant admits that all of the identified individuals are involved in the allegations set forth in the Complaint. Defendant admits that all of the identified organizations are part of Departmental Administration, USDA.

4.  Defendant admits that Plaintiff is an African American, and that she serves as the chief of the Resource Division for OPPM and has served in other Departmental Administration offices. Defendant denies the remaining allegations contained in paragraph 4.

5.  Defendant admits the allegations contained in paragraph 5 for the relevant period of time.

6.  Defendant admits the allegations contained in paragraph 6.

7.  Defendant admits the allegations contained in paragraph 7.

8. Defendant admits that there were 9 GS-15 Division Chiefs during the relevant times but denies that they were all Caucasians.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in the first sentence of paragraph 13. Defendant denies the allegations contained in the second sentence of paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19.

20. Defendant admits the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant restates his responses to paragraphs 11 through 14.

23. Defendant admits the allegations contained in paragraph 23.

24. Defendant admits the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant restates his responses to paragraphs 13 and 14.

27. Defendant is without sufficient knowledge or information to admit or deny the

allegations in paragraph 27

28. Defendant admits that sometime in 1998-1999 time frame, Plaintiff was moved from Ms. Carey's supervision as part of an office reorganization. Defendant denies that this had anything to do with the purported letter referred to in paragraph 27.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant admits the allegations contained in paragraph 31.

32. Defendant admits the allegations contained in paragraph 32.

33. Defendant admits the allegations contained in paragraph 33.

34. Defendant admits the allegations contained in paragraph 34

35. Defendant admits that Ms. Godby worked on fiscal matters, including the Foundation Financial Information System (FFIS). Defendant denies the remaining allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant admits the allegations contained in paragraph 37.

38. Defendant admits the allegations contained in paragraph 38.

39. Defendant admits that plaintiff was found qualified for the position. Defendant denies the remaining allegations contained in paragraph 39.

40. Defendant admits that plaintiff was not selected for the Budget Officer position and that Ms. Godby and Ms. McGuire are Caucasians. Defendant denies the remaining allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant restates his responses to paragraphs 30 through 41.

44. Defendant denies that Plaintiff filed an administrative EEO complaint on February 16, 2005. Defendant admits the remaining allegations contained in paragraph 44.

45. Defendant admits the allegations contained in paragraph 45.

46. Defendant admits the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies that the EEO complaint was filed on February 16, 2005, and that reprisal was a stated basis of the complaint. Defendant admits the remaining allegations contained in paragraph 48.

49. Defendant admits the allegations contained in paragraph 49

50. Defendant admits the allegations contained in paragraph 50.

51. Defendant admits the allegations contained in paragraph 51.

52. Defendant admits the allegations contained in paragraph 52.

53. Defendant admits the allegations contained in paragraph 53.

54. Defendant admits that the EEOC in appeal number 0120071273 affirmed the dismissal in a decision issued May 31, 2007. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 54.

55. Defendant admits the allegations contained in paragraph 55.

56. Defendant admits the allegations contained in paragraph 56.

57. Defendant admits the allegations contained in paragraph 57.

58. Defendant admits the allegations contained in paragraph 58.

59. Defendant admits the allegations contained in paragraph 59

60. Defendant admits the allegations contained in paragraph 60.

61. Defendant admits that the EEOC in appeal decision number 0120072460 affirmed the dismissal in a decision issued July 16, 2007. Defendant is without sufficient knowledge or information to admit or deny when Plaintiff's administrative representative received the decision.

62. Defendant admits the allegations contained in paragraph 62.

**Relief**

For paragraphs 63 - 66, Defendant states that any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B) but denies that Plaintiff is entitled to the relief prayed for or to any relief whatsoever. Defendant also denies that Plaintiff is entitled to recover any damages in connections with the allegations in this Complaint.

67. Defendant admits that Plaintiff is entitled to a jury trial.

## CONCLUSION

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this civil action be dismissed with prejudice**.**

Dated: December 20, 2007

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C.  20530
(202) 307-6078

Of Counsel
Thomas F. Barnett
United States Department of Agriculture

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December,  2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

Janet Carter
324 S. Taylor Street
Ashland, Virginia 23005

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney

_____