UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL L. TUCKER,              ) | |
|                                               ) | |
|            **Plaintiff,**           ) | |
|     v.                                       ) | |
|                                               ) | Civil Action No. 07-1558 (RWR) |
|                                               ) | (ECF) |
| ANTHONY J. PRINCIPI,      ) | |
| Secretary,                              ) | |
| Department of Veterans Affairs,   ) | |
|                                               ) | |
|            **Defendant.**         ) | |
|                                               ) | |

**JOINT REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone, on January 30, 2008. As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**(1)    Dispositive Motions.**

At this point, the Plaintiff believes the case cannot be resolved by dispositive motion. The Defendant intends to file a motion for summary judgment after the close of discovery. There are no pending motions. The parties do not believe that discovery should be stayed for dispositive motions.

**(2)    a.    Deadline for Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 90 days from the date of the Initial Scheduling Conference, if needed. Plaintiff and Defendant believe that the legal or factual issues cannot be narrowed at this time.

      b.    **Agreement as to Factual and Legal Issues:**  Whether Plaintiff was unlawfully discriminated against or harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Americans With Disabilities Act, and the Equal Pay Act.  (Plaintiff intends to amend his complaint to reflect that he brings his complaint pursuant to the Rehabilitation Act of 1973 and not the Americans With Disabilities Act).

**(3)**    **Assignment to Magistrate Judge.**  Plaintiff has no objections to assignment to a Magistrate Judge.  Defendant does not agree to have this case referred to a Magistrate Judge for all purposes.

**(4)**    **Prospects of Settlement.**  The Plaintiff is agreeable to settlement discussion.  The Defendant is not amenable to settlement discussions at this time.

**(5)**    **Alternate Dispute Resolution (ADR).**  The Plaintiff is agreeable to ADR/settlement discussion immediately.  The Defendant does not believe that ADR would be effective at this juncture.

**(6)**    **Resolution by Summary Judgment.**  At this point, the Plaintiff does not believe this entire case can be decided by dispositive motion.  The Defendant intends to file a motion for summary judgement after the close of discovery.  The parties agree that any motions for summary judgment will be filed within 30 days after the close of discovery; that oppositions or cross-motions be filed 30 days thereafter, and any replies be filed 20 days after the filing of the oppositions or cross-motions.

**(7)**    **Initial Disclosures.**  The parties agree that Initial Disclosures should be exchanged as required by Fed. R. Civ. P. 26(a)(1).

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.** The parties request four months to complete discovery. The parties agree that each party should be limited to seven depositions and twenty five each of interrogatories, requests for production of documents and requests for admissions. The parties also state that a Privacy Act protective order will be necessary due to the nature of documents that may be sought in discovery.

**(9)** **Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.** The parties do not believe the requirements of Fed. R. Civ. P. 26(a)(2), should be modified.

**(10)** **Class Action Procedures.** Not applicable.

**(11)** **Bifurcation of Trial and/or Discovery.** Neither discovery nor trial should be bifurcated.

**(12)** **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference date 30 days after dispositive motions have been ruled upon.

**(13)** **Trial Date.** The parties request that a trial date be set at the pretrial conference.

**(14)** **Other Matters.** None.

Respectfully submitted,

\_/s/with authorization_____          _____/s/_____
E. Ned Sloan, Esq.    .              JEFFREY A. TAYLOR
D.C. Bar # 435198                    D.C. Bar # 488610
7600 Georgia Ave., NW, Ste. 208      United States Attorney
Washington, D.C.  20012

*Attorney for Plaintiff*

                                     _____/s/_____
                                     RUDOLPH CONTRERAS
                                     D.C. Bar # 434122
                                     Assistant United States Attorney


                                     _____/s/_____
                                     MERCEDEH MOMENI
                                     Assistant United States Attorney
                                     Judiciary Center Building, Rm. E4208
                                     555 Fourth Street, N.W.
                                     Washington, D.C. 20530
                                     (202) 305-4851

                                     *Attorneys for Defendant*

February 1, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MITCHELL L. TUCKER,**                              ) | |
| ) | |
| **Plaintiff,**           ) | |
| v.                                                                      ) | |
| ) | **Civil Action No. 07-1558 (RWR)** |
| ) | **(ECF)** |
| **ANTHONY J. PRINCIPI,**                            ) | |
| **Secretary,**                                                  ) | |
| **Department of Veterans Affairs,**              ) | |
| ) | |
| **Defendant.**        ) | |
| ) | |

## SCHEDULING ORDER

UPON CONSIDERATION of the parties' Report Pursuant to Rule 16.3 it is hereby this

_____, day of February, 2008 ORDERED

1. That the parties have not agreed to dispense with initial disclosures;

3. That the deadline for joining additional parties or amending the pleadings shall be May 8, 2008;

4. That the deadline for proponent's Rule 26(a)(2) expert report shall be, April 9, 2008;

5. That the deadline for opponent's expert reports shall be May 9, 2008;

6. That each party shall be limited to seven depositions and twenty five each of interrogatories, requests for production of documents and requests for admissions;

7. That the close of discovery shall be June 9, 2008;

8. That dispositive motions shall be due by July 9, 2008; oppositions and cross motions shall be due no later than August 8, 2008; and replies shall be due no later than August 28, 2008;

9. That a pretrial conference will be held approximately 30 days after dispositive motions are ruled upon and a trial date will then be scheduled.

RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via the Court's ECF system.