UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANET CARTER,<br>aka Janet Mitchell<br>        Plaintiff,<br><br>v.<br><br><br>ED SCHAFER, Secretary,<br>U.S. Department of Agriculture,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-01588 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SETTLEMENT AND VOLUNTARY DISMISSAL**

The parties hereby give notice to the Court that they have entered into a Stipulation of Settlement Agreement and Dismissal. Attached is the Stipulation.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET CARTER,<br>aka Janet Mitchell<br>    Plaintiff,<br><br>v.<br><br>ED SCHAFER, Secretary,<br>U.S. Department of Agriculture,<br><br>    Defendants. | Civil Action No. 07-01588 (RMU) |

### STIPULATION OF SETTLEMENT AGREEMENT AND DISMISSAL

IT IS HEREBY STIPULATED between the undersigned parties and their attorneys that this action be settled, compromised and dismissed in accordance with the following terms:

1. <u>Suit</u>:

Plaintiff Janet Carter aka Janet Mitchell (hereinafter "Plaintiff"), filed suit on September 6, 2007 against the Secretary of the United States Department of Agriculture, Mike Johanns,[1] United States Department of Agriculture (hereinafter "Defendant" and/or "USDA"). Plaintiff alleges that Defendant had discriminated against her because of her race, sex, and reprisal.

2. <u>Payment</u>:

Defendant Ed Schafer, in his official capacity as Secretary of the Department of Agriculture, hereby agrees to settle with Plaintiff for the following terms:

   a.  Defendant agrees to pay to Plaintiff the total sum of Four Thousand, Eight

---

[1] Pursuant to Fed.R.Civ.P. 25(d)(1), Ed Schafer, Secretary of the U.S.Department of Agriculture, is substituted for Mike Johanns, former Secretary of USDA, who resigned from his position on September 20, 2007.

Hundred, Eighty-six Dollars and Forty-Four cents ($4,886.44). This payment is inclusive of all claims for costs, pecuniary, non-pecuniary and/or compensatory damages based on allegations raised in the above-captioned complaint.

b.  Defendant agrees to Plaintiff's attorney, Thomas Beaumont, Esquire, the total sum of Five Thousand Dollars ($5,000).[2]

3.  Retro-Active Promotion to GS-15 with Back Pay:

Defendant agrees to retro-actively promote Plaintiff to a GS-15 grade, step 4 with an effective date of February 4, 2007 (Pay Period 3). This action will be implemented by Standard Form-50. Plaintiff will be entitled to back-pay in the amount of Eight Thousand, Eight Hundred, Forty-Three Dollars and Fifty-Six cents ($8,843.56). Plaintiff acknowledges that the back pay amount does not reflect any payroll deductions for such items as FEHB, TSP, FEGLI, and/or Federal, state, and local taxes. Plaintiff further acknowledges that any appropriate payroll deductions will reduce the $8,843.56 back-pay for which she is entitled.

4.  No Admission of Liability:

This settlement agreement is not and shall not be construed as an admission by Defendant of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of the Defendant's liability therein. Furthermore, none of the terms of the settlement agreement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this settlement agreement.

---

[2]  Thomas Beaumont represented Plaintiff at the administrative process. On December 14, 2007, the Court ordered that a court-appointed attorney from the pro bono panel be selected to represent Plaintiff for purposes of mediation. Edmund Burke was appointed to represent Plaintiff for mediation process.

5. <u>Release:</u>

A. The Plaintiff and her heirs, administrators, successors or assigns hereby release and forever discharge Defendant, and its components, agents, employees and former employees, either in their official or individual capacities, for any concerns, administrative complaints, grievances, appeals, and/or civil actions(s) arising out of her employment with USDA prior to the signing of this agreement; including but not limited to Civil Action No. 1:07-cv-01588; Agency Complaint numbers CRSD-2005-00119, CRSD-2005-00528, CRSD CRSD-2007-00416, and CRSD-2007-00870; EEO complaint numbers 100-2006-00202X and 570-2006-00288X; and EEOC Appeal numbers 0120071273 and 0120072406.

It is the intention of Plaintiff through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, or its components, agents, employees and former employees, individually, and/or in their official capacities, arising out of the circumstances encompassed by this release.

6. <u>Additional Provision to Comply with Older Workers Benefit Protection Act for Plaintiffs Over 40:</u>

A. Plaintiff knowingly and voluntarily waives her rights under the Age Discrimination in Employment Act ("ADEA") that has or could have been asserted up to and including the effective date of this Agreement. Under the ADEA, and the Older Worker's Benefit Protection Act ("OWBPA"), Public Law 101-43, Plaintiff has the right to consult and confer with legal counsel or otherwise consider the terms of this Agreement for twenty-one (21) days before they take effect and that Plaintiff has been advised by the Agency that she should

consult with an attorney. Plaintiff acknowledges that the negotiations for reaching an Agreement began on April 25, 2008 when a verbal agreement was reached to settle during mediation. Plaintiff's rights under the ADEA will expire on May 16, 2008. The parties agree that any changes in the agreement did and do not restart these time periods.

B.  Plaintiff has seven (7) calendar days from the date of her signature on this agreement to rescind her agreement. If the Plaintiff desires to rescind this Agreement she must first notify the Assistant United States Attorney <u>in writing</u>, of her decision no later than seven (7) days following Plaintiff's execution of this Agreement. The said Notice rescinding the offer of agreement must be postmarked no later than the seventh (7th) day following the date of Plaintiff's signature both mailed and faxed to: Office of the U.S. Attorney, 555 Fourth Street, N.W., Civil Division, Washington, DC 20530 and (202) 514-8780. If Plaintiff revokes the settlement seven (7) days after the date of her signature, all terms are null and void. USDA also has until seven (7) days after the date of Plaintiff's signature to rescind this settlement agreement. Should USDA decide to revoke its offer, it shall do so in writing to Attorney Edmund Burke, Steptoe & Johnson, 1330 Connecticut Avenue, NW, Washington, D.C. 20036.

C.  By signing this document in the space provided below, Plaintiff specifically, knowingly, and intentionally acknowledges that she was advised that she has the right to consult with legal counsel and was provided ample opportunity to so consult with an attorney.

7. <u>No Assignment</u>:

Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which she purports to release herein, and that

she has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The Plaintiff shall indemnify the Defendant, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

8. Payment Mechanism:

Payment of the settlement amount in paragraph two (2) will be made by two (2) separate electronic transfers drawn on the Treasury of the United States with one electronic transfer to the Plaintiff, and the other electronic transfer to Thomas Beaumont, Esq. Payment by the government shall be made within a reasonable amount of time and consistent with the normal processing procedures.

Payment of the settlement amount in paragraph three (3) will be issued to Plaintiff through her current direct deposit election. Payment by the government shall be made within a reasonable amount of time and consistent with the normal processing procedures.

9. Dismissal With Prejudice:

Execution and filing of this settlement agreement constitutes Dismissal of this action with Prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, dismissing with prejudice the Defendant from all claims in the complaint. Defendant's counsel agrees to execute the stipulation and file it with the court no sooner than ten (10) calendar days after the full execution of this settlement agreement by all parties and counsel.

Plaintiff further agrees to take any action necessary to dismiss with prejudice any pending EEO matters and other administrative actions, including the Equal Employment Opportunity Counsel EEOC, the Office of Special Counsel, Federal Labor Relations Authority, the Merit Systems Protection Board, Office of Personal Management, General Accounting (now Accountability) Office, or any other Federal agency, administrative tribunal, or court, regarding Plaintiff's employment with the Agency, up to and including the effective date of this Agreement, against Defendant which are being released pursuant to this settlement agreement.

10. <u>Tax Consequences</u>:

Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. Except as provided in paragraph 3, taxes will not be taken from the settlement, but the Agency will report this amount to the appropriate taxing authority. The Agency makes no representations regarding any federal, state, or local tax liability which may be incurred by Plaintiff as a result of this payment. Any disputes over taxes are between the appropriate taxing authority and Plaintiff, and not USDA. No other fees will be offered or paid for any reason.

11. <u>Merger Clause</u>:

This settlement agreement contains the entire agreement between the parties hereto, and Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to her, and she acknowledges and represents that this settlement agreement contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall

be recognized or enforced, nor does this settlement agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

12.   <u>Amendments</u>:

This settlement agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

13.   <u>Binding Successors</u>:

This settlement agreement shall be binding upon and inure to the benefit of the Plaintiff and the Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

14.   <u>Severability</u>:

The provisions of this agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

15.   <u>Consultation with Counsel</u>:

Plaintiff acknowledges that she has discussed this settlement agreement with her counsel, who has explained this document to her and that she understands all of the terms and conditions of this settlement agreement. Plaintiff further acknowledges that she has read this settlement agreement, understands the contents thereof, and executes this settlement agreement of her own

of this settlement agreement. Plaintiff further acknowledges that she has read this settlement agreement, understands the contents thereof, and executes this settlement agreement of her own free act and deed. The undersigned represent that they are fully authorized to enter into this agreement.

16. <u>Signatures on Settlement Agreement</u>

The parties contemplate that this Stipulation of Settlement Agreement and Dismissal may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

For Plaintiff Janet Carter aka Janet Mitchell
Counsel for Plaintiff (for purposes of settlement)

_____       _____
Edmond Burke, Esq.              Janet Carter (Mitchell)
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, D.C. 20036


For Defendant United States Department of Agriculture:

_____       _____
Jeffrey A. Taylor               Brandi A. Peters, Esq.
United States Attorney          U.S. Dept. of Agriculture
                                Office of the General Counsel/Civil Rights Division

_____
Rudolph Contreras, D.C. BAR # 434122
Assistant United States Attorney

-8-

free act and deed. The undersigned represent that they are fully authorized to enter into this agreement.

16. <u>Signatures on Settlement Agreement</u>

The parties contemplate that this Stipulation of Settlement Agreement and Dismissal may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

For Plaintiff Janet Carter aka Janet Mitchell
Counsel for Plaintiff (for purposes of settlement)

_____   _____
Edmond Burke, Esq.                Janet Carter (Mitchell)
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, D.C. 20036

For Defendant United States Department of Agriculture:

                                  /s/ Brandi A. Peters
_____   _____
Jeffrey A. Taylor                 Brandi A. Peters, Esq.
United States Attorney            U.S. Dept. of Agriculture
                                  Office of the General Counsel/Civil Rights Division

_____
Rudolph Contreras, D.C. BAR # 434122
Assistant United States Attorney

-8-

free act and deed. The undersigned represent that they are fully authorized to enter into this agreement.

16.  Signatures on Settlement Agreement

The parties contemplate that this Stipulation of Settlement Agreement and Dismissal may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

For Plaintiff Janet Carter aka Janet Mitchell
Counsel for Plaintiff (for purposes of settlement)

_____        _____
Edmond Burke, Esq.                    Janet Carter (Mitchell)
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, D.C. 20036

For Defendant United States Department of Agriculture:

_____        _____
Jeffrey A. Taylor                     Brandi A. Peters, Esq.
United States Attorney                U.S. Dept. of Agriculture
                                      Office of the General Counsel/Civil Rights Division
_____
Rudolph Contreras, D.C. BAR # 434122
Assistant United States Attorney

_____
Blanche L. Bruce, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C. 20530
Tel: (202) 307-6078
Fax: (202) 514-8780

    It is hereby ORDERED, that on _____ day of _____ this case is hereby dismissed with prejudice.

                                    _____
                                    UNITED STATES DISTRICT JUDGE
                                    RICARDO M. URBINA